# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

TAMMY HOLLINGER,         )
                                  )
      Plaintiff,             )
                                  )
v.                                 )        Civil Action No. 13-00127-CG-N
                                  )
CAROLYN W. COLVIN,        )
Acting Commissioner of Social Security,  )
                                  )
      Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Tammy Hollinger brings this action seeking judicial review of a final decision of the Commissioner of Social Security, denying her application for disability insurance benefits ("DIB"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Hollinger's appeal is now before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3), for entry of a report and recommendation. Upon consideration of the administrative record ("R.") (Doc. 15), Hollinger's brief (Doc. 16), the Commissioner's brief (Doc. 18), and the arguments made by counsel during the hearing on January 9, 2014 (*see* Docs. 17, 19), it is **RECOMMENDED** that the Commissioner's decision denying Hollinger benefits be **REVERSED** and **REMANDED**.

## I.      Procedural Background

Hollinger first filed an application for DIB on April 24, 2009 (R. 144-150), alleging she became disabled on April 7, 2009 (*see* R. 144). A second application for DIB (R. 151-152), alleging disability beginning September 15, 2004 (*see* R. 151), was

filed March 15, 2010. Her application was initially denied. (*See* R. 87-91.) A hearing was then conducted before an Administrative Law Judge on September 20, 2011 (*see* R. 25-69). On October 11, 2011, the ALJ issued a decision finding Hollinger was not disabled (R. 7-24), and she sought review from the Appeals Council. The Appeals Council issued a decision declining to review the ALJ determination on January 16, 2013 (*see* R. 1-4)—making that determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on March 15, 2013 (*see* Doc. 1).

## II.    <u>Standard of Review and Claims on Appeal</u>

In all Social Security cases, the plaintiff[1] bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the plaintiff has met this burden, and thus proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* An ALJ, in turn,

> uses a five-step sequential evaluation to determine whether the [plaintiff] is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

---

[1]    The terms "plaintiff" and "claimant" are used interchangeably herein.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. App'x 868, 870 (11th Cir. Feb. 9, 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395

F.3d 1206, 1210 (11th Cir. 2005)).  And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence."  *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

On appeal to this Court, Hollinger asserts three reasons why the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence):

(1)    the ALJ failed to provide a legally sufficient pain analysis, and relatedly, the reasons for discounting the plaintiff's allegations of pain were not supported by substantial evidence;

(2)    the ALJ erred in assigning little weight to the medical opinion provided by the plaintiff's long-standing physician, Dr. Lipscomb, while assigning more weight to the medical opinions provided by the one examining physician and the two non-examining physicians;

(3)    the ALJ's hypothetical questions to the testifying VE were defective and failed to include all of the plaintiff's physical limitations and mental limitations.

Because the undersigned has determined that the ALJ's pain analysis is not supported by substantial evidence, which means that Hollinger's complaints of pain were not properly evaluated, and, accordingly, this case is due to be remanded for that reason, the Court need not consider her other two asserted errors.  *See, e.g., Gore v. Apfel*, No. CIV.A.99–0590–CB–M, 2000 WL 284218, at *1-2 (S.D. Ala. Mar. 10, 2000) (in which the plaintiff asserted three claims on appeal, this Court "found that the ALJ did not properly consider [the plaintiff's] complaints of pain at the administrative level[,]" and remanded for that reason without considering the other claims on appeal); *cf. Salter v. Astrue*, No. CA 11–00681–C, 2012 WL 3817791, at *2

(S.D. Ala. Sept. 4, 2012) ("Because the Court determines that the decision of the Commissioner should be reversed and remanded for further proceedings based on the plaintiff's second claim, regarding the RFC determination, there is no need for the Court to consider the plaintiff's other claims." (citing *Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims."))).

### III.   Analysis

Hollinger asserts that the ALJ did not "provide a legally sufficient pain analysis as mandated under *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991), 20 C.F.R. § 404.1529, and Social Security Ruling 96-7p"; she further contends that the ALJ's "reasons for discounting [her] allegations of pain were not supported by substantial evidence."   (Doc. 16 at 16.)   Based on Hollinger's framing of this issue at the outset—"[T]he ALJ made the finding that [Hollinger] had medical impairments that could reasonably be expected to cause [her] alleged symptoms of pain and other limitations.   However, [the ALJ] found that [Hollinger]'s statements regarding the intensity, persistence[,] and limiting effects of her symptoms were not credible[.]"   (*Id.* (citing R. 14-15).)—it is apparent that she is contesting the ALJ's determination as to her credibility.   *See Cooper v. Commissioner of Soc. Sec.*, 521 Fed. App'x 803, 807-08 (11th Cir. June 6, 2013) (per curiam) (where the ALJ, like the ALJ here (*see* R. 14-15), first determined, based on the evidence, that the plaintiff had several underlying medical conditions, and then "found that those conditions

could be expected to cause pain and significantly limit [the plaintiff's] ability to perform basic job tasks," but determined to "not fully credit [the plaintiff's] testimony regarding the disabling effects of that pain[,]" the district court and the Eleventh Circuit, ultimately, found no error "in [the ALJ's] assessment of [the plaintiff's] credibility"); *accord May v. Commissioner of Soc. Sec. Admin.*, 226 Fed. App'x 955, 958 (11th Cir. Apr. 6, 2007) (per curiam).

Under the familiar "pain standard" applied by courts in this Circuit, it must be noted first that "subjective complaints of pain cannot in and of themselves serve as conclusive evidence of disability. [Instead, t]he record must document by medically acceptable clinical or laboratory diagnostic techniques the existence of a medical impairment which could reasonably be expected to produce the disabling pain." *Petteway v. Commissioner of Soc. Sec.*, 353 Fed. App'x 287, 288 (11th Cir. Nov. 18, 2009) (per curiam) (quoting *Chester*, 792 F.2d at 132).

> [In this Circuit, a] three-part "pain standard" applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The pain standard requires: (1) evidence of an underlying medical condition, and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) the objectively determined medical condition is of such a severity it can be reasonably expected to give rise to the alleged pain. *Id.*

*Petteway*, 353 Fed. App'x at 288-89; *see also Gore*, 2000 WL 284218, at *1 ("The standard by which the Plaintiff's complaints of pain are to be evaluated requires '(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be

reasonably expected to give rise to the alleged pain.'" (quoting *Holt v. Sullivan*, 921

F.2d 1221, 1223 (11th Cir. 1991) (in turn citing *Landry v. Heckler*, 782 F.2d 1551,

1553 (11th Cir. 1986)))); *accord Harville v. Colvin*, No. 4:11–CV–3619–VEH, 2013

WL 1346565, at \*6 (N.D. Ala. Mar. 29, 2013); *see also Joyce v. Commissioner of*

*Social Sec.*, No. 3:10–cv–842–J–MCR, 2011 WL 4048998, at \*6 (M.D. Fla. Sept. 13,

2011) ("'[O]nce such an impairment is established, all evidence about the intensity,

persistence, and functionally limiting effects of pain or other symptoms must be

considered in addition to the medical signs and laboratory findings in deciding the

issue of disability.' ***Thus, once the pain standard is satisfied, the issue***

***becomes one of credibility***." (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir.

1995)) (emphasis added)).

> When a claimant testifies to subjective complaints of pain, the ALJ
> must clearly articulate adequate reasons for discrediting the claimant's
> allegations of disabling symptoms. *Dyer*, 395 F.3d at 1210. In
> articulating his reasons, the ALJ need not specifically refer to every
> piece of evidence, so long as the decision "is not a broad rejection which
> is not enough to enable the district court or [, if necessary, the court of
> appeals] to conclude that the ALJ considered [the] medical condition as
> a whole." *Id.* at 1210–11 (quotation omitted). A clearly articulated
> credibility determination supported by substantial evidence will not be
> disturbed. *Foote*, 67 F.3d at 1562.

*Petteway*, 353 Fed. App'x at 289 (some internal citations modified); *see also Gore*,

2000 WL 284218, at \*1 ("The Eleventh Circuit Court of Appeals has also held that

the determination of whether objective medical impairments could reasonably be

expected to produce the pain was a factual question to be made by the

[Commissioner] and, therefore, "subject only to limited review in the courts to ensure

that the finding is supported by substantial evidence." (quoting *Hand v. Heckler*, 761

F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986))); *cf. Harville*, 2013 WL 1346565, at *6 ("If the ALJ wishes to make a credibility determination, then the ALJ 'must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'" (quoting *Foote*, 67 F.3d at 1562)); *Sharpe v. Astrue*, No. 5:07cv74/RS-MD, 2008 WL 1805436, at *6 (N.D. Fla. Apr. 15, 2008) (as long as "the implication [is] obvious to the reviewing court[,] . . . the Eleventh Circuit does not require an explicit finding as to the claimant's credibility" (citing *Dyer*, 395 F.3d at 1210)).

> [Moreover, t]he Eleventh Circuit has approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529 [or § 416.929], because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." *Wilson*, 284 F.3d at 1226. Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

*Sharpe*, 2008 WL 1805436, at *6; *see also Harville*, 2013 WL 1346565, at *6 (when "evaluat[ing] the intensity and persistence of [a plaintiff's alleged] symptoms and their affect on his or her ability to work . . . the ALJ may consider the nature of a claimant's symptoms, the effectiveness of medication, a claimant's method of treatment, a claimant's activities, and any conflicts between a claimant's statements and the rest of the evidence" (citing 20 C.F.R. §§ 404.1529(c)(2)-(4), 416.929(c)(2)-(4))).

Here, the ALJ found that Hollinger suffers from several severe impairments, including "degenerative disc disease of the lumbar spine . . . and coccydynia" (R. 12),

and Hollinger's objections to the ALJ's credibility determination focuses on those severe impairments and the extent of medical diagnostics and treatment related to them. (*See generally* Doc. 16 at 16-19.) While Hollinger takes issue with seven specific findings by the ALJ, her objections to the first three listed hit home. These concern the ALJ's findings as to a lack of objective evidence to document her back injuries.[2]

The ALJ begins her pain analysis by highlighting a lack of objective medical evidence to document injuries to Hollinger's lower back and coccyx, and states that Hollinger "testified that she fractured her coccyx in approximately 2006[,]" but that "there is no x-ray or MRI that confirms ongoing problems related to a current fracture as she testified." (R. 15.) The ALJ does state, however, that Hollinger's "treatment notes do indicate that there may have been an x-ray of her lower back in May 2006 that shows an 'old [fracture] of coccyx.'" (*Id.*) The ALJ continues,

> [h]owever, her sparse treatment at the time and the absence of any significant change in medications or treatment modalities from the conservative measures used before are inconsistent with any change in her condition. Moreover, she has evidence of an x-ray in May 2006, but there was no evidence of a facture or other acute abnormalities even in the region of her coccyx.

(*Id.* (record citations omitted).)

According to Hollinger,

---

[2]     The three findings, as presented by Hollinger, are: (1) "There is no x-ray or MRI that confirms ongoing problems related to a current fracture of the Plaintiff's coccyx"; (2) "The x-rays performed by Dr. Lipscomb in May 2006 did not show evidence of a fractured coccyx or other acute abnormalities in the coccyx region"; and (3) "The was no objective medical evidence to document Dr. Lipscomb's diagnosis of a dislocated coccyx." (Doc. 16 at 16-17.)

Dr. Lipscomb ordered an x-ray of [her] coccyx in May 2006 after she complained of increased pain after an injury. He interpreted the x-ray as showing an obvious fracture in the coccyx. The date of the fracture was unknown. A second x-ray was ordered by Dr. Sackheim on November 1, 2006 that documented increased sacral base angle and posterior disc wedging at L5-SI. Further, an x-ray of [Hollinger's] lumbar spine was ordered by the Social Security Administration which documented mild anterior osteophyte formation in the inferior L4 and superior L5 vertebral bodies.

Thus, the ALJ erred in stating that "there was no evidence of a fracture or other acute abnormalities in the region of her coccyx." It is significant to note that the ALJ did not discuss the results from the x-ray ordered by Dr. Sackheim. These x-rays, in addition to documenting several abnormalities, provided the bases for his recommendation that [Hollinger] undergo three epidurals – which the ALJ also failed to discuss. Thus, the failure to even discuss such a crucial and supportive piece of medical evidence, as well as medical treatment, tainted the legality of the ALJ's pain analysis.

(Doc. 16 at 17-18 (footnote and record citations omitted).)

As to the May 2006 x-ray, it appears that Dr. Lipscomb examined Hollinger on May 18, 2006, and his note for that visit reflects that her chief complaint was "tail bone pain" (R. 312.) The record also contains a related report, from Dr. Campbell (South Baldwin Regional Medical Center) to Dr. Lipscomb, regarding a May 22, 2006 MRI of Hollinger's lower spine, which concludes, "no acute abnormalities demonstrated" and, in an addendum, "there is no evidence for an occult fracture." (R. 287-290.) The undersigned notes that an "occult fracture" is a bone injury that does not appear on a standard x-ray and may be only visible some weeks after an injury. And in the addendum to the MRI report, Dr. Campbell further explains, "Additional imaging targeting the sacrum and coccyx was performed. SI joints appear within normal limits. There is no evidence for bone marrow edema to

suggest an occult fracture. No marrow replacement changes are demonstrated. No soft tissue edema is demonstrated." (R. 288.) Thus, this report and addendum appear to support the ALJ's finding that the May 2006 x-ray fails to provide "evidence of a fracture or other acute abnormalities even in the region of [Hollinger's] coccyx." (R. 15.)

However, Hollinger is correct that Dr. Sackheim's records document a November 1, 2006 x-ray (*see* R. 300)—***an x-ray the ALJ fails to address in her decision***.[3] The findings from that x-ray were "[n]o recent fracture, severe dislocation or gross osteopathology as visualized[,]" but "increased sacral base angle" and "posterior disc wedge at L5-SI" (*id.*).[4] A little more than one week after that x-ray, on November 1, 2006, Dr. Sackheim notes that Hollinger stated that the original source of her pain was her "flipping her truck" approximately ten years ago, but that "her pain has gotten worse since she is working [and] has to sit all day." (R. 298.) Hollinger returned to Dr. Sackheim in March 2007 to request an epidural (*see* R. 297), and one was performed on March 29, 2007 (*see* R. 295-296). The ALJ also fails to document that Hollinger received at least one epidural, in an effort to alleviate her pain.

---

[3] The ALJ does not fail, however, to mention a third x-ray, taken by the consulting examiner, Dr. Nelson, in June 2010 (R. 387-391). (*See* R. 16.) Dr. Nelson's finding was "no acute fractures or bony mass lesions noted. There is good anterior osteophyte formation in the inferior L4 and superior L5 vertebral bodies. There are surgical clips in the right upper quadrant." (R. 389.)

[4] The report also notes "[b]oney structures of the . . . Lumbar spine are essentially . . . ." (*Id.*) (The remainder of the report, as reproduced in the administrative record, is cut off.)

As stated above, where a claimant's objectively determined medical condition is not of such a severity that it can be reasonably expected to give rise to his or her alleged pain, an ALJ is required to consider objective medical evidence confirming the severity of a claimant's alleged pain arising from his or her condition. Implicit in that, the second step of this Circuit's pain analysis, is the requirement that an ALJ consider **_all_** objective medical evidence related to the severity of the alleged pain. *See, e.g., Foote*, 67 F.3d at 1561 ("20 C.F.R. § 404.1529 provides that once such an impairment is established, **_all evidence_** about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." (emphasis added)); *Holsey v. Colvin*, No. 3:11–cv–941–J–TEM, 2013 WL 1233608, at *7 (M.D. Fla. Mar. 27, 2013) ("The ultimate finding that Plaintiff is not disabled under the Social Security Act cannot be supported by substantial evidence when the ALJ failed to consider **_all_** of Plaintiff's impairments and associated pain, and failed to appropriately credit or discredit Plaintiff's consistent complaints of headache pain." (emphasis added)). That requirement is even more obvious when, as is the case here, an asserted lack of objective medical evidence is foundational to the ALJ's conclusion that a claimant's subjective complaints of pain are not fully credible. And, in this case, the ALJ's failure to consider and analyze all objective medical evidence related to Hollinger's subjective complaints of pain—namely, one of the three x-rays in the record—compels the conclusion that her pain analysis is not supported by substantial evidence and requires that this matter be remanded to the

Commissioner for further proceedings not inconsistent with this analysis. *Cf. Gore*, 2000 WL 284218, at *2 (recommending remand, after concluding that an ALJ's pain analysis that merely acknowledged § 404.1529 and "failed to discuss whether the objective medical evidence confirmed the severity of Gore's pain or whether the objectively determined medical condition could be reasonably expected to give rise to the alleged pain," thus ignoring "the second and third prongs of *Holt*[,]" was "not supported by substantial evidence").

## IV.    Conclusion

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner of Social Security denying Hollinger benefits be **REVERSED** and **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with the analysis herein.   It is further **RECOMMENDED** that the Court find such a remand, pursuant to sentence four of § 405(g), makes Hollinger a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993).

## V.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is

made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 27th day of January, 2014.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**