# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TAMMY HOLLINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-00127-CG-N |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On February 10, 2014, the Court adopted as its opinion (*see* Doc. 22) the undersigned United States Magistrate Judge's recommendation that this matter be remanded to the Commissioner (Doc. 20), and entered judgment (Doc. 23) accordingly. Now before the undersigned, again pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3), for entry of a report and recommendation, is Plaintiff's timely application for an award of attorney's fees and litigation expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA") (Doc. 24), filed April 22, 2014, and the Commissioner's objection to the application (Doc. 26), filed May 6, 2014.

Upon consideration of all pertinent materials contained in this file, it is **RECOMMENDED** that ***Plaintiff*** receive reasonable attorney's fees and related litigation expenses totaling **$4,810.71** under the EAJA for legal services rendered by her attorney in this Court. *See Astrue v. Ratliff*, --- U.S. ----, 130 S. Ct. 2521, 2526 & 2526-27 (2010) ("Ratliff [] asserts that subsection (d)(1)(A)'s use of the verb 'award'

renders § 2412(d) fees payable directly to a prevailing party's attorney[.] . . . We disagree. . . . The plain meaning of the word 'award' in subsection (d)(1)(A) is [] that the court shall 'give or assign by . . . judicial determination' to the 'prevailing party' (here, Ratliff's client Ree) attorney's fees in the amount sought and substantiated under, inter alia, subsection (d)(1)(B). . . . The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite—it 'awards' the fees to the litigant[.]"); *see also Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. Mar. 27, 2008) ("The district court correctly held that Mr. Brown's assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly to counsel.").

## I. Discussion

### A. Procedural Background

On February 10, 2014, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 23; *see also* Doc. 22 order adopting report and recommendation of the Magistrate Judge (Doc. 20).) In the application for an award of attorney's fees and litigation expenses under the EAJA (Doc. 24), filed April 22, 2014, Plaintiff Tammy Hollinger requests attorney's fees in

the amount of $4,671.75, to compensate her attorney for the time (25 hours) spent representing her before this Court as of the date of the filing of the fee application, and litigation expenses in the amount of $138.96 (*see generally id.*). In her objection to Hollinger's application, the Commissioner does not contest the reasonableness of the requested attorney's fees and expenses; instead, she contends that no attorney's fees should be awarded in this matter because the Commissioner's position in this litigation was substantially justified. (*See generally* Doc. 23.)

B. **Substantial Justification and Prevailing Party**

The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was **substantially justified** or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

While "'[s]ubstantially justified' is one of the myriad phrases in the law that has no precise or fixed definition[, t]he Supreme Court has said that it means 'justified in substance or in the main.'" *Grieves v. Astrue*, 600 F. Supp. 2d 995, 999 (N.D. Ill. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see id.* ("A position that is 'substantially justified' must have a 'reasonable basis both in law and in fact.'" (quoting *Pierce*, 487 U.S. at 565)); *cf. Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (a position is substantially justified if a "reasonable person could believe the position was correct").

3

> EAJA decisions necessarily involve exercises of discretion because of the sheer impracticability of formulating a rule of decision in such cases. Questions that arise under the Act, like many that arise in litigation generally, are not amenable to regulation by rule because they involve multifarious, fleeting, special, narrow facts that utterly resist generalization—at least, for the time being.

*Grieves*, 600 F. Supp. 2d at 999 (internal citations and quotation marks omitted and other modifications to original).

> It is also essential to recall that "a position can be justified even though it is not correct," *Pierce*, 487 U.S. at 566, n.2, and "[the government] could take a position that is substantially justified, yet lose [on the merits]." *Id.* at 569. Analysis of questions of substantial justification must take into account the government's position in the underlying action and the litigation posture it took while defending the validity of that action in court. 28 U.S.C. § 2412(d)(2)(D). But, substantial justification should not be confused with the "substantial evidence" standard that applies to a court's initial review of the case. Indeed, the Supreme Court has cautioned that consideration of a fee petition "'should not result in a second major litigation.'" *Pierce*, 487 U.S. at 563. Thus, an EAJA petition requires the court to revisit the legal and factual circumstances of this case from a different perspective—the elusive standard of substantial justification—than it did in reviewing the record on the initial go-round to determine whether there was substantial evidence to support the conclusion.

*Id.* at 1000 (internal citations modified and some omitted); *but see Cockerham v. Secretary of Health & Human Servs.*, CIV.A. No. 87–1276, 1990 WL 11355, at *3 (E.D. La. Jan. 31, 1990) ("[T]he corresponding definition of 'substantially justified' used in the EAJA means 'to be justified in substance or in the main . . . the action must be justified to a degree that could satisfy a reasonable person, and must have a reasonable basis in both law and fact.' Clearly, definitions of the terms 'substantial evidence' and 'substantially justified' are analogous; a reasonable mind must conclude that when the [Commissioner]'s position was not based upon substantial

4

evidence, it cannot be found substantially justified." (quoting *Pierce*, 487 U.S. at 565)); *Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *5 (N.D. Ill. Mar. 21, 2003) ("When a court finds [] a lack of connection between the evidence in the record and an ALJ's conclusion, it is appropriate to find the Commissioner's position not substantially justified." (citations omitted)).

Here, the Court found that the Commissioner's decision denying Hollinger benefits should be remanded because the pain standard as applied by the ALJ was flawed since the Court could not determine whether the ALJ's credibility finding—a necessary component of the applicable pain analysis—was supported by substantial evidence. *See Hollinger v. Colvin*, Civil Action No. 13–00127–CG–N, 2014 WL 518025, at *3-6 (S.D. Ala. Feb. 10, 2014); *compare id.* at *3 ("once the pain standard is satisfied, the issue becomes one of credibility"), *with id.* at *4 ("A clearly articulated credibility determination [must be] supported by substantial evidence [to] not be disturbed.") (citations and internal quotation marks omitted). As this Court has noted on at least two occasions relatively recently,

> where a court "conclude[s] that [a] matter must be remanded because the Court was 'unable to determine whether the ALJ's credibility determination is supported by substantial evidence of record[,]'" it follows "that [the Commissioner] lacked substantial justification for his position as [she] had adequate opportunity in [the] case to perform an analysis consistent with [her] own rules and regulations, but failed to do so." *Lee v. Astrue*, No. 3:09 CV 1575(CSH), 2011 WL 781108, at *3 (D. Conn. Feb. 28, 2011) (citing underlying remand determination; citations and some internal quotation marks omitted); *compare id.*, *with Cockerham*, 1990 WL 11355, at *3 ("[A] reasonable mind must conclude that when the [Commissioner]'s position was not based upon substantial evidence, it cannot be found substantially justified.").

5

*Thomas v. Colvin*, No. CA 12–00227–N, 2013 WL 3759826, at *3 (S.D. Ala. July 16, 2013); *see also Bonner v. Colvin*, CA 12-00603-C, Doc. 27 at 3-6 (entered Feb. 4, 2014) ("[T]he undersigned simply notes that the ALJ's failure to apply the correct legal standard in assessing the claimant's credibility was not substantially justified . . . [and concludes by] find[ing] no reasonable basis in law for the ALJ's failure to follow the law in the Eleventh Circuit regarding assessing a claimant's credibility, or for the Commissioner to take the position in this Court that the ALJ's credibility analysis was sufficient." (citations omitted)); *cf. Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 952 (E.D. Wis. 2003) ("[T]he Commissioner's position on the issue of plaintiff's credibility was not substantially justified. The ALJ committed an error of law by failing to follow SSR–96–7p, and his observations were not supported by substantial evidence." (collecting cases)) (cited in *Bonner*). Thus, the undersigned explicitly rejects the Commissioner's characterization of the ALJ's flawed pain/credibility analysis here as simply a "technical error" and one that the Commissioner was substantially justified in defending.[1]   (Doc. 26 at 3.)

Further, because the Commissioner makes no argument that Hollinger is not a prevailing party under the EAJA,[2] the undersigned focuses her attention on other

---

[1] The undersigned also notes that, although the "substantial evidence" and the "substantially justified" standard, while related, are certainly not one in the same, the Commissioner voluntarily relinquished her opportunity to contest the Magistrate Judge's determination that the ALJ's decision was not supported by substantial evidence by choosing not to object to the report and recommendation.   (*See* Doc. 21.)

[2] "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).   (*See* Doc. 23, judgment.)

6

matters.

**C.     Timeliness**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action.   28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this case until the Court's February 10, 2014 Order/Judgment became final; that occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1)(B)(iii) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), which was April 11, 2014.   Therefore, the application filed in this case, bearing a date of April 22, 2014, is timely.

**D.     Fees Analysis**

Like 42 U.S.C. § 1988, the EAJA is a fee-shifting statute.   And the Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"   *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (§ 1988)); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990).

This calculation provides an objective basis on which to make an initial

> estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley*, 461 U.S. at 433-34 (citations omitted); *see also id.* at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in

8

some cost benefit analysis.").

In *Norman*, the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306. Because the Commissioner interposes no objection to the fee petition, the Court finds that Hollinger's counsel reasonably spent **twenty-five (25) hours** on legal tasks in this case.

With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum. Supp. 1997). In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

9

*Id.* at 1033-1034 (citations and footnote omitted).

For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari,* 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. This Court has adjusted that rate to account for the increase in the cost of living. *Lucy v. Barnhart,* CA 06-0147-C, Doc. 32. More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint) / 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (*Id*. at 11 (quoting Doc. 31 at 2).)

The temporal midpoint in this case was in August 2013, the complaint having been prepared and filed on March 25, 2013 (*see* Doc. 1), and the Court having entered its order and judgment on February 10, 2014 (*see* Docs. 22, 23). The Court takes notice that the CPI-U for August 2013 was 227.837. *See, e.g., Barker v. Astrue*, Civil No. 10–2057, 2011 WL 6033016, at *2 (W.D. Ark. Dec. 5, 2011) (taking judicial notice of the CPI–U South where the plaintiff's counsel failed to submit evidence of a CPI in support of his requested hourly rate) (citing FED. R. EVID. 201). Plugging the relevant numbers into the foregoing formula renders the following equation: ($125 x 227.837) / 152.4. Completion of this equation renders an hourly rate of **$186.87**. In consideration of the foregoing, the plaintiff should be awarded an attorney's fee in the amount of **$4,671.75** under the EAJA for the **25 hours** her

attorney spent performing work traditionally performed by attorneys in Social Security cases.

## E. Litigation Expenses Analysis

Hollinger also requests litigation expenses totaling **$138.96** ($102 for copying expenses and $36.96 for gas). (*See* Doc. 24, ¶ 20.) The Commissioner does not contest the recovery of these amounts. Indeed, "costs as delineated in 28 U.S.C. § 1920" are the first "of three types of litigation expenditures" authorized by the EAJA. *Leonard v. Astrue*, No. 2:05–cv–499–FtM–34SPC, 2010 WL 680732, at *1 (M.D. Fla. Feb. 23, 2010) (citing 28 U.S.C. § 2412(a); *Jean*, 863 F.2d at 776). And requests "for compensation under the EAJA for copying costs . . . and mileage, as expenses of litigation[,] . . . are compensable . . . provided they are necessary to the preparation of the prevailing party's case." *Ward v. Halter*, No. Civ.A. 99–1062–BH–L, 2001 WL 392657, at *4 (S.D. Ala. Apr. 10, 2001) (citations and internal quotation marks omitted). But "expenses of an attorney that are not incurred or expended solely or exclusively in connection with the case before the court, or which expenses the court finds to be unreasonable or unnecessary in the pending litigation, cannot be awarded under the EAJA." *Id.* (quoting *Jean*, 863 F.2d at 778 (in turn quoting *Oliveira v. United States*, 827 F.2d 735, 744 (Fed. Cir. 1987))). Here, the related litigation expenses are broken out; appear reasonable on their face and solely related to this case (*see* Doc. 24 at 9, Attorney Pierce Aff.); and are not objected to. As such, the undersigned finds they are compensable under the EAJA.

## II. Conclusion

The undersigned therefore **RECOMMENDS** that the Commissioner's substantial justification objection be overruled and Hollinger be awarded attorney's fees in the amount of $4,671.75 and related litigation expenses in the amount of $138.96, for a total award of **$4,810.71** under the Equal Access to Justice Act.

## III. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 15th day of May, 2014.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**